UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 17-cr-20625
                                                Hon. Matthew F. Leitman

v.

TIMOTHY DIXON,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE (ECF No. 41)

In May of 2018, Defendant Timothy Dixon was sentenced to serve 40 months in custody in connection with his conviction for being a felon in possession of a firearm. (*See* Judgment, ECF No. 30, PageID.101–102.) He is currently incarcerated at FCI Allenwood in Union County, Pennsylvania. He has served roughly 80% of his sentence. He is scheduled to be released to a community corrections center in September of this year, and his full release date is January 1, 2021. (*See* Request for Compassionate Release, ECF No. 47-2, PageID.192; Resp., ECF No. 53, PageID.357.)

Dixon has filed a motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (*See* Mot. for Compassionate Release, ECF No. 41.) The Court held two hearings on the motion. For the reasons explained in detail on the record on

1

August 6, 2020, the motion (ECF No. 41) is **GRANTED**. While the record contains the full statement of the Court's reasons for granting the motion, the Court summarizes its reasoning briefly below.

The Court concludes that the combination of four factors amounts to extraordinary and compelling circumstances: (1) the COVID-19 pandemic that is sweeping the country, (2) Dixon's medical conditions (hyptertension, kidney disease, and prediabetes) taken together, (3) a recent spike in COVID-19 cases in Union County Pennsylvania, and (4) Dixon's inability to provide adequate self-care because he is unable to socially distance or follow all of the CDC's recommended hygiene guidelines while incarcerated at FCI Allenwood. In addition, the Court concludes that Dixon is not a danger to the public or to his community because, among other things, he has shown a substantial commitment to rehabilitation while in custody, he has a job waiting for him, and he has family support. Finally, the relevant factors under 18 U.S.C. § 3553(a) weigh in favor of release. While the offense was serious, Dixon has already suffered substantial punishment by serving roughly 80% of his sentence, and he will suffer additional punishment through the term of home confinement that the Court is imposing. Moreover, given Dixon's rehabilitation, job offer, and family, specific deterrence can be achieved without additional custody in the BOP. Likewise, general deterrence is satisfied by Dixon having served the vast majority of his sentence and serving an additional term of

home confinement. In addition, Dixon's personal circumstances – most significantly, his efforts toward rehabilitation – weigh in favor of release.

Accordingly, the custodial portion of Dixon's sentence is reduced to time served, and Dixon shall **immediately** be released from custody at FCI Allenwood. Upon his release, Dixon shall travel directly by automobile from FCI Allenwood to his wife's residence. Dixon and all others with him in the automobile shall wear face masks during the drive. After Dixon arrives at his wife's home, he shall remain inside the house for 14 days. And for the same 14-day period, he shall quarantine within the house – meaning he shall remain in a room that is separate and apart from all other residents of the house to the extent possible. And when, during the 14-day quarantine period, it is unavoidable for him to be in a separate room, he shall wear a face mask.

Also, upon Dixon's release from custody, he shall begin serving the 24 months of supervised release that Judge Battani imposed in his Judgment. (*See* Judgment, ECF No. 30, PageID.103.) The Court adds as a condition of that supervised release that until **January 1, 2021**, Dixon shall be subject to home confinement at his wife's residence and shall not leave that residence other than for employment, job training, religious services, medical and/or mental health appointments, treatment programs, appointments with counsel, and/or other activities approved in advance by his

3

supervising probation officer. (He may not leave the residence at all during the 14-day quarantine period.)

The Court will not order Dixon to wear a GPS tether at this time due to the COVID-19 pandemic (and the Court's reluctance to subject the Court's probation officers to any risks associated with applying Dixon's tether), but the Court will hold a telephonic status conference with counsel in sixty days to discuss whether to require Dixon to wear a tether at that time. In all other respects, Dixon's original sentence remains unchanged.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 6, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761